**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VICTOR ALFONSO ZAMORA SALINAS,

      Petitioner

v.

JOHN MATTOS, et al.,[1]

      Respondents

Case No.: 2:26-cv-00313-APG-NJK

**Order (1) Granting Petition in Part, (2) Holding Petition in Abeyance in Part, and (3) Holding Motion for a Temporary Restraining Order in Abeyance**

[ECF Nos. 16, 19]

Petitioner Victor Alfonso Zamora Salinas is a citizen of Mexico. ECF No. 16 at 3. He entered the United States without inspection in 2003. *Id.* at 2. He had two prior voluntary returns to Mexico in 2003. *Id.* at 2, 15; ECF No. 17-2 at 4. While in the United States, he was convicted of misdemeanor drug crimes in Nevada state court, one in 2006 and another in 2015. ECF No. 17-2 at 4. He has two children that are United States citizens. ECF No. 16 at 5.

On November 4, 2025, Immigration and Customs Enforcement (ICE) agents pulled Zamora Salinas over for reckless driving and, pursuant to an I-200 warrant, arrested him in Las Vegas, Nevada. *Id.* at 5, 7; ECF No. 17-1 at 2. ICE served him a Notice to Appear that same day and commenced removal proceedings against him, alleging he was in the country in violation of §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. ECF No. 17-3 at 2, 5. He has been detained at Nevada Southern Detention Center since then. ECF No. 16 at 5.

Months later, he had a bond hearing before an immigration judge (IJ). *Id.* The IJ ruled that he had no jurisdiction to release Zamora Salinas on bond due to the Board of Immigration Appeal's (BIA) decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). ECF No.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem.

17-5 at 6:58.  Zamora Salinas' counsel requested the IJ make alternative findings related to his eligibility for bond under 8 C.F.R. § 236.1(c)(8). *Id.* at 7:54.  The IJ considered the exhibits entered for the hearing but denied bond without hearing further argument from either attorney, finding Zamora Salinas to be a flight risk and a danger to the community. *Id.* at 8:24-9:04.

In March 2026, while in immigration detention, Zamora Salinas suffered a stroke and was hospitalized. ECF No. 16 at 5.  He was returned to detention on April 1, 2026. *Id.*

Zamora Salinas filed this petition for habeas corpus, seeking immediate release or alternatively an individualized bond hearing, on several grounds. ECF No. 16.  He argues he cannot be subject to mandatory detention under 8 U.S.C § 1225(b)(2)(A).  Instead, he asserts that 8 U.S.C. § 1226(a) governs his detention, which requires that he receive a bond hearing and that the government issue a valid warrant accompanied by supporting documents that establish its basis.  He argues the government did not provide those supporting documents for the warrant and he questions whether the government served the Notice to Appear before his arrest, which would also invalidate the warrant.  He further challenges the IJ's alternative findings that resulted in the IJ denying a bond, arguing the bond decision is a non-binding advisory opinion and he was not given due process.  He argues that his arrest violated the Fourth Amendment because he alleges he was detained by masked ICE agents in plainclothes and an unmarked car.[2]  Finally, he contends he did not receive an individualized pre-deprivation assessment in violation of his procedural and substantive due process rights.  He also filed a motion for a temporary restraining order, requesting his release. ECF No. 19.

---

[2] Both parties argue that Zamora Salinas appears to be a member of the class in *Jacobo Ramirez v. Noem*, --- F. Supp. 3d ----, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090, at *3 (D. Nev. Feb. 5, 2026).  Because he seeks relief beyond the scope of the class based on an individualized Fourth Amendment violation, I decline to transfer his case.

The government responded to the petition and motion and moved to dismiss. ECF Nos. 26; 27. It argues that I lack jurisdiction over the petition because it is not ripe and because Zamora Salinas has not exhausted his administrative remedies. It asserts that he is properly detained under § 1225(b)(2)(A), incorporating its response to the habeas petition in *Jacobo Ramirez*.[3] The government's position on § 1225(b)(2)(A) reflects its new interpretation of the statute as outlined by interim guidance issued by DHS in July 2025. Interim Guidance, AILA Doc. No. 25071607 (July 8, 2025), available at: https://perma.cc/5GKM-JYGX. The government also raises various arguments related to his claims regarding the Fourth Amendment and the warrant's validity. Finally, it argues that he received the process he was due under the Constitution.

I grant the petition in part because § 1226 governs Zamora Salinas' detention and because the government did not challenge his argument that the IJ's decision to deny bond based on its alternative findings is an unenforceable advisory opinion. Accordingly, I order that he receive an individualized bond hearing where he bears the burden of proof by a preponderance of the evidence. I hold in abeyance my decision on the other grounds in the petition and the motion for a temporary restraining order.

/ / / /

/ / / /

---

[3] The government states that it "adopt[s] [its] *Jacobo Ramirez* Response in full." ECF No. 27 at 6. I will not sift through the various arguments in that 32-page response to determine which ones the government thinks apply in this case. Here, it asserted only that the "*Jacobo Ramirez* Response addresses substantially the same questions at issue in the case at bar regarding DHS's authority to detain individuals under § 1225(b)(2) who are not yet admitted and whose cases remain in pending removal proceedings." *Id.* at 5-6. So that is the portion of the *Jacobo Ramirez* Response that I will consider. *See Cruz v. Blanche*, No. 2:26-cv-00566-APG-BNW, 2026 WL 1113484 at *1 n.2 (D. Nev. Apr. 23, 2026).

## I.     PETITION FOR HABEAS CORPUS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" to remedy unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

### A.  I have jurisdiction to consider Zamora Salinas' petition.

The government argues the petition is not ripe. But Zamora Salinas is suffering an injury in fact due to his current detention, and thus his petition is ripe under Article III. *Galvan v. Hermosillo*, No. 2:25-cv-02349-TMC, 2025 WL 3484755, at *2 (W.D. Wash. Dec. 4, 2025) (finding the noncitizen detainee's habeas petition was ripe even though an Immigration Judge had not yet determined his eligibility for bond).

The government next cites *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), to argue that Zamora Salinas must exhaust his administrative remedies before filing a habeas

petition. *Leonardo* held that a noncitizen in removal proceedings must appeal an IJ's adverse bond determination to the BIA before seeking habeas review, "unless exhaustion is excused." *Id.* at 1160. This is a prudential requirement, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *Alvarado v. Mattos*, No. 2:26-cv-00416-APG-DJA, 2026 WL 963227, at *2 (D. Nev. Apr. 9, 2026). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160. I "may waive the prudential exhaustion requirement" if the "pursuit of administrative remedies would be a futile gesture." *Hernandez*, 872 F.3d at 988 (9th Cir. 2017) (quotation omitted).

Zamora Salinas appealing his bond determination to the BIA would be futile. The BIA adopted the government's interpretation that § 1225(b)(2)(A) mandates detention of noncitizens like Zamora Salinas in *Matter of Hurtado*, 29 I. & N. Dec. at 229. *Hurtado* "serve[s] as precedent[] in all proceedings involving the same issue" before the BIA, and so the BIA will decide it lacks jurisdiction to release him. 8 C.F.R. § 1003.1(g)(2); *Pacham v. Archambeault,* No. 3:25-cv-03163-GPC-DEB, 2025 WL 3653984, at *3 n.2 (S.D. Cal. Dec. 17, 2025) (noting that *Hurtado* is a precedential decision of the BIA). The IJ's alternative finding that Zamora Salinas should be denied bond because he is a flight risk and danger to the community does not change this fact. "Where the [BIA's] position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required." *Szonyi v. Barr*, 942 F.3d 874, 891 (9th Cir. 2019) (quotation omitted). Therefore, I waive the prudential exhaustion requirement and will consider Zamora Salinas' petition.

**B. Section 1226 governs Zamora Salinas' detention, and he is entitled to a new bond hearing.**

The parties dispute whether Zamora Salinas is detained under § 1225 or § 1226. As I have previously ruled, the best reading of § 1225 is that it applies only in the border context, and accordingly § 1226 governs his detention because he was detained within the country years after he entered without inspection. *See Rodriguez v. Mullin*, No. 2:26-cv-00531-APG-NJK, 2026 WL 895685 (D. Nev. Apr. 1, 2026).

A noncitizen detained under § 1226(a) is entitled to an individualized bond hearing where he must prove "by a preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'" for the IJ to order his release. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). Though the IJ issued alternative findings to deny Zamora Salinas bond based on flight risk and dangerousness, Zamora Salinas argues this was an unenforceable advisory opinion, citing to *Immigration & Naturalization Service v. Bagamasbad*, 429 U.S. 24, 26 (1976) (per curiam) (finding that for the Immigration and Naturalization Service to determine that a noncitizen failed to satisfy the statutory eligibility requirements to become a permanent resident, when it already "properly denied" the application on other grounds, would be "purely advisory findings and conclusions"). The government does not respond to this argument, so I grant the petition on this ground.

Because Zamora Salinas did not receive an individualized assessment about whether to issue him a bond, the proper remedy is a new bond hearing under § 1226(a). In the new bond hearing, the IJ is not bound by the alternative findings in Zamora Salinas' first bond hearing

because it is an advisory opinion, and the IJ must reexamine whether Zamora Salinas is a danger to the community and a flight risk.

Zamora Salinas argues that his previous bond hearing did not afford him due process because the burden of proof was placed on him.  He contends that due process demands that the government should have to prove by clear and convincing evidence that he must be detained.[4] The government did not respond to this argument, continuing its repeated failure in these habeas cases to respond to many of the substantive arguments raised by noncitizens detained under its rejected interpretation of § 1225.

Nonetheless, the Ninth Circuit has relevant precedent on this issue, and ignoring it would likely constitute clear error on appeal.  In *Rodriguez Diaz*, the Ninth Circuit rejected a claim that it is "constitutionally inadequate" for a noncitizen to bear the burden of proof at his initial immigration bond hearing. 53 F.4th at 1210.  It instead held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied" to the petitioner in that case. *Id.* at 1213.  But the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures." *Id.*  For example, it left open the question whether placing the burden on the noncitizen could create an unacceptably high risk of erroneous deprivation of the noncitizen's interest because the noncitizen experiences language and cultural barriers, difficulty obtaining evidence, and financial inability to hire an attorney. *Id.* at 1211-12.

Zamora Salinas does not assert he faces similar issues.  He notes that, in his first bond hearing, the IJ issued alternative findings that Zamora Salinas was a flight risk and a danger to the community without hearing argument from the government or his counsel.  He also asserts

---

[4] I have jurisdiction to review immigration bond determinations over "constitutional claims" or "questions of law." *Hernandez*, 872 F.3d at 988 (quotation omitted).

the IJ based his decision on the I-213 form, which Zamora Salinas alleges contains inaccuracies. And he argues that the IJ did not weigh the discretionary factors under *Guerra*, 24 I. & N. 37.[5] These alleged errors do not create an unacceptably high risk of erroneous deprivation of Zamora Salinas's interests in his new bond hearing such that the Constitution mandates the government bear the burden. Thus, Zamora Salinas' claim regarding the burden of proof fails, and he bears the burden by a preponderance of the evidence at his new bond hearing.

**C. I withhold deciding on the remaining grounds for relief.**

As they relate to the proper relief to grant to Zamora Salinas, I address his remaining grounds for relief. I may "may fashion appropriate modes" and "methods for securing facts where necessary" when reviewing habeas petitions. *Harris v. Nelson*, 394 U.S. 286, 299 (1969).

*A. I withhold deciding Zamora Salinas' claims relating to the warrant's validity and the Fourth Amendment.*

Zamora Salinas raises several challenges relating to the validity of the I-200 warrant. For a noncitizen to be detained under § 1226(a), he must also have been served an arrest warrant. 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained . . . ."). As an initial matter, the government asserts two procedural arguments in response to Zamora Salinas' warrant claims. Neither succeeds. The government first argues he should have raised these claims in an appeal to the BIA before seeking habeas relief. But requiring administrative exhaustion would be futile because the BIA is bound by *Hurtado* to find that Zamora Salinas is detained under § 1225(b)(2)(A), which has no warrant requirement. *See* 8 U.S.C. § 1225(b)(2). The government next argues an illegal arrest has no consequences on an

---

[5] *Guerra* lists factors that an IJ "may look to . . . in determining whether an alien merits release from bond." 24 I. & N. at 40. "[T]he word 'may' . . . implies discretion." *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 310 (2020) (quotation omitted).

8

immigration proceeding, citing to *Immigration & Naturalization Service v. Lopez-Mendoza*, 468 U.S. 1032 (1984). *Lopez-Mendoza* held that "an illegal arrest has no bearing on a subsequent [removal[6]] proceeding." *Id.* at 1040 (quotation omitted). That does not defeat Zamora Salinas' warrant claims, however, because he argues his illegal arrest justifies his release from detention, not that it affects his removal proceedings.

On the merits, Zamora Salinas first argues that the warrant is invalid because there are no "accompanying supporting documents . . . that would establish what evidence formed the basis for" the warrant. *Marleni S.B. v. Bondi*, No. 26-1707 (DWF/EWC), 2026 WL 710624, at *3 (D. Minn. Mar. 13, 2026). The government does not refute that it must provide supporting documentation for the warrant in these habeas proceedings to prove the legality of his detention. On the record provided to me, there are no supporting documents that pre-date the I-200 warrant that establish the basis for its issuance.[7] These "insufficiencies prevent [me] from determining that the warrant is valid" and therefore prevent me from deciding this ground for relief without further factual development. *Marleni S.B.*, 2026 WL 710624, at *3.

Zamora Salinas next argues that it is "unclear" when the Notice to Appear was issued or the I-200 warrant was served on him in relation to his arrest. ECF No. 16 at 10. He contends that the I-200 warrant is invalid if it was served after his arrest or if the Notice to Appear was issued after his arrest. *See Marleni S.B.*, 2026 WL 710624, at *3 ("A form I-200 must be served at the time of arrest, not after."); 8 C.F.R. § 1236.1(b)(1) ("At the time of issuance of the notice to

---

[6] In 1996, the Illegal Immigration Reform and Immigrant Responsibility Act "eliminated the bright-line distinction between exclusion and deportation, merging the two into proceedings for 'removal.'" *Cunha v. Freden*, --- F.4th ----, No. 25-3141-pr, 2026 WL 1146044, at *4 (2d Cir. Apr. 28, 2026) (quotation omitted).

[7] The I-213 form, which contains demographic and narrative information that might support a warrant, was issued on November 4, 2025 after the I-200 warrant was signed on November 1. ECF Nos. 17-1 at 2; 17-2 at 3.

9

appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest."). The government also does not dispute these requirements. The I-200 warrant's certificate of service does not include the date of his service. ECF No. 17-1 at 2. The Notice to Appear was issued November 4, 2025, the same day Zamora Salinas was arrested. ECF Nos. 17-2 at 3; 17-3 at 2, 5. Zamora Salinas does not state whether and when he was served even though he presumably would know these facts. On this record, I cannot determine these issues without further factual development.

Zamora Salinas also argues that his arrest was unreasonable under the Fourth Amendment because he alleges he was arrested by ICE agents who were not wearing ICE insignia on their clothing, drove an unmarked vehicle, and did not identify themselves as ICE agents. He cites to *Urquilla-Ramos v. Trump*, where the court ruled a noncitizen's arrest violated the Fourth Amendment where masked ICE agents without badges in an unmarked vehicle arrested the noncitizen without a warrant. --- F. Supp. 3d ----, No 2:26-cv-00066, 2026 WL 475069, at *16 (S.D. W. Va. Feb. 19, 2026). Assuming without deciding that these allegations could support a Fourth Amendment violation, I currently lack adequate facts to evaluate this claim. *See Mattos v. Agarano*, 661 F.3d 433, 442 (9th Cir. 2011) (noting that for Fourth Amendment claims, "the constitutional standard—reasonableness—is always a very fact-specific inquiry"). The evidence before me is conflicting on whether the arresting agents wore identifiers. Though Zamora Salinas' petition states they were not wearing ICE insignia, according to the I-213 form, they wore vests marked with "'Police' and 'Federal Agent,' insignias and/or 'ICE' or 'DEA' badges in plain view." ECF No. 17-2 at 3. Additionally, in *Urquilla-Ramos*, the ICE agents arrested the petitioner without a warrant, which contributed to

10

the court's finding that the arrest violated the Fourth Amendment. 2026 WL 475069, at *16. Here, I have yet to decide if the warrant for Zamora Salinas' arrest is valid because of the insufficient record. That determination may resolve this ground for relief.

In summary, there remain several evidentiary issues relating to Zamora Salinas' arrest and the I-200 warrant that prevent me from deciding the corresponding grounds for relief at this time. But the new bond hearing I am ordering may moot these issues. I will require the parties to submit a joint status report after the bond hearing to inform me of its outcome. If Zamora Salinas is granted bond by the IJ, the parties will identify what issues remain for me to resolve. If he is denied bond, the government will have seven days from the bond decision to submit a supplemental response. It may provide evidence addressing these issues, including supporting documents to establish the I-200 warrant's validity, the time the Notice to Appear was issued, the time the warrant was served, whether the ICE agents wore insignia or were masked, and whether their vehicle was marked. Zamora Salinas will have seven days from the government's submission to respond and provide evidence if he chooses.

*B. I decline to address the procedural and substantive due process claims.*

Finally, Zamora Salinas claims his procedural and substantive due process rights were violated because he did not receive a pre-deprivation individualized assessment of detention. The proper remedy for this violation would be an individualized bond hearing, the remedy I have already ordered, so I decline to address these grounds for relief.

## II.   CONCLUSION

I THEREFORE ORDER that petitioner Victor Alfonso Zamora Salinas' petition for writ of habeas corpus **(ECF No. 16) is GRANTED in part**.

I FURTHER ORDER that the respondents provide Rodriguez with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d) by May 14, 2026.

I FURTHER ORDER that respondents are PERMANENTLY ENJOINED from denying Zamora Salinas the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

I FURTHER ORDER that the parties shall file a joint status report on the outcome of the bond hearing within five days of the hearing.  If Zamora Salinas is granted bond, the parties will identify what issues remain for me to resolve.  If he is denied bond, the government will have seven days from the date of the bond decision to address the outstanding issues and provide the corresponding evidence related to supporting documents to establish the I-200 warrant's validity, the time the Notice to Appear was issued, the time the warrant was served, and whether the ICE agents wore insignia or were masked, and whether their vehicle was marked.  Zamora Salinas will have seven days from the government's submission to respond and provide his own evidence.

I FURTHER ORDER that I shall hold the motion for a temporary restraining order (**ECF No. 19) in abeyance**.

DATED this 6th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE